Opinion of the Court.
THIS was an action of covenant brought by Lot, on a covenant of warranty, contained in a deed of bargain and sale executed by Parish in his life time for the conveyance of thirty three and a third acres of land to Lot.
The declaration after setting forth the deed of conveyance and covenant of warranty therein contained, alleges, that Lot thereafter, by deed of bargain and sale conveyed the same tract of land to a certain James Edmondson, and that Edmondson thereafter, by a like deed, conveyed the land to Joseph Gatewood, that Gatewood having entered upon and become possessed of the land, suit was brought by a certain William M’Millan, who claimed the land under an adverse paramount claim, and such proceedings were thereupon had, as that the said M’Millan finally recovered judgment against Gatewood for part of the land, and has actually evicted Gatewood therefrom; and the declaration further avers, that by virtue of the said judgment of eviction, the plaintiff, Lot, has been compelled to pay to the said Edmondson large damages, to wit, the sum of $ &c.
The defendant filed two pleas ; by the first he traversed the alleged eviction of Gatewood from the land by an adverse paramount claim ; and by the second, he alleged that he had well and truly administered all the goods and chattels of his testator, which had come to his hands to be administered, &c. Issues were made up to each of these pleas and a jury being called they found for the plaintiff, seventy six dollars and seventy six cents in damages; and also, found that there were goods and chattels in the hands of the executor unadministered, of the value of $250.
Upon this verdict the court rendered judgment in favor of the plaintiff for $76 and 76 cents, and costs to to be levied of the assets in the hands of the executor, unadministered.
In the progress of the trial before the jury, after the plaintiff had introduced evidence conducing to prove that Gatewood had been evicted, as in the declaration *395 he had alleged, and that he had in the defence of the suit against him, expended and paid the sum of $105 in costs, legal and extraordinary; and after the plaintiff had also proved assets in the hands of the defendant, the court on the motion of the defendant, instructed the jury, that in their assessment of damages for the plaintiff, they ought not to take into consideration the costs proved to have been expended by Gatewood, and that the plaintiff could not recover said costs or any part thereof in this action, unless he proved to the jury that he had paid such costs to the said Gatewood or James Edmondson, the plaintiff’s vendee. Exceptions were taken to the opinion of the court contained in the instructions, and the evidence made part of the record.
Under the present state of our laws, the liability of an executor for costs, is precisely the same that it is for the debts of the testator, and the judgment should direct both to be levied out of the assets unadministered.
A covenant of general warranty in a deed of conveyance, runs with the land, and a remote grantee on being evicted, may maintain an action of covenant against the first warrantor, for all damages and costs incurred.
*395 The assignment of errors questions the propriety of the judgment as rendered by the court, as well as the correctness of the instructions given by the court to the jury.
1. With respect to the form in which the judgment is rendered, no substantial objection is perceived by this court. The judgment for costs is not in accordance with the ancient manner of rendering judgments against an executor; but under the present state of our laws, the liability of an executor for costs is precisely the same, that it is for the debts of the testator; and as he is now liable to neither beyond assets, the form of judgment for both, should be the same, and made to conform to the liability by directing both to be levied out of the assets unadministered.
Under a state of pleadings like those in the present case, such would have been the ancient form of rendering judgment for the damages assessed by the jury, and there is no statute which can justify a judgment more unfavorable to an executor. It is true, the estate of an executor in his personal right, cannot be taken under any execution which may issue on the judgment ; but it is equally true, if no estate of the testator be found to satisfy the judgment, the executor will be chargeable for a devastavit, and the verdict and judgment, will be conclusive of the executor’s having assets in an action against him for a devastavit.
2. And with respect to the instructions which were given to the jury, no error is perceived by this court. There is no doubt, but the covenant of warranty con *396 tained in the deed of conveyance to Lot, imposed on Parish an obligation to pay the costs expended in defending the suit brought by M’Millan, as well as the value of the land recovered by M’Millan in that suit from Gatewood. But until Gatewood was evicted, there was no breach of Parish’s covenant, and as by the conveyance of Lot to Edmondson, and that of Edmondson to Gatewood, the covenant contained in the deed from Parish to Lot, passed to Gatewood, the right to sue on the covenant of Parish, must have existed in Gatewood on the happening of the breach, and at that time none other than Gatewood could have maintained an action on the covenant. If, in consequence of any covenant contained in the deed of conveyance made by Lot, he became responsible to Gatewood for the goodness of the title, he might, we apprehend, after compensating Gatewood for the loss of the land, maintain an action on the covenant of Parish. But as Parish’s covenant run with the land, the legal right of suit thereon, must have been in Gatewood at the time of his eviction from the land, and that right of suit must consequently have continued in him, until he was completely indemnified for the injury sustained by being evicted from the land. Without satisfying the claim of Gatewood for compensation, therefore, Lot could have no right to sue on the covenant of Parish, and as his right of suit depends on his having satisfied the claim of Gatewood, he ought not to be allowed to recover the costs expended by Gatewood, without proving that those costs were discharged by him.
But for the eviction of a remote grantee, the immediate grantee cannot, by force of the covenant of warranty, (that having been assigned to and vested in the remote grantee,) maintain an action against his immediate warrantor, unless he shall have compensated such remote grantee.
The instructions of the court were, therefore, correct, as to the right of Lot to receive the costs.
Judgment affirmed.